<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DAVID LEWIS, et al., | : | |
| | : | Civ. Action No.: 16-4009-BRM-LHG |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| LIPOCINE INC., et al., | : | |
| | : | |
| Defendants. | : | |
| ANTHONY MORASSI, et al., | : | |
| | : | Civ. Action No.: 16-4067-BRM-LHG |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| LIPOCINE INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are three motions to be appointed lead plaintiff and to approve lead counsel and liaison counsel, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4 (1997), by (1) Plaintiff Grey Burleson ("Burleson") (*Lewis v. Lipocine Inc. et al.*, Civ. No. 16-4009 (Dkt. No. 6)), (2) Plaintiff John Redmond ("Redmond") (*Id.* at Dkt. No. 7) and (3) Plaintiffs Quantum Partners, Ltd., DPC Partners, Ltd., and John William Burke (collectively, "Lipocine Investor Group") (*Id.* at Dkt. No. 8; *Morassi v. Lipocine Inc. et al.,* Civ. No. 16-4067 (Dkt. No. 4)) (collectively, "Moving Plaintiffs"). After filing their own motions,

Burleson and Redmond both entered notices of non-opposition to Lipocine Investor Group's motion to be appointed lead plaintiff and approve lead counsel and liaison counsel. (Civ. No. 16-4009 (Dkt. Nos. 9 & 10).) All Moving Plaintiffs also move to consolidate the above-captioned actions together with *Burleson v. Lipocine Inc. et al.,* Civ. No. 16-4129. (Civ. No. 16-4009 (Dkt. Nos. 6, 7, & 8); Civ. No. 16-4067 (Dkt. No. 4).) No party, including non-moving Plaintiffs David Lewis ("Lewis") and Anthony Morassi ("Morassi"), and Defendants Lipocine Inc. ("Lipocine" or the "Company"), Mahesh V. Patel ("Patel"), and Morgan R. Brown ("Brown") (collectively, "Defendants"), opposes the pending motions.

For the reasons set forth herein, the above-captioned actions are consolidated, Lipocine Investor Group is appointed lead plaintiff, Pomerantz LLP is designated as lead counsel, and Lite DePalma Greenberg, LLC is designated as liaison counsel.

### I. BACKGROUND

Lipocine is a pharmaceutical company, whose lead product candidate, TLANDO ("LPCN 1021"), is an oral testosterone replacement therapy. (Civ. No. 16-4009 (Dkt. No. 1) at ¶ 15.) Patel was the President and Chief Executive Officer of the Company between June 30, 2015 and June 28, 2016, the period at issue in this case (the "Class Period"). (*Id.* at ¶ 8.) Brown was Executive Vice President and Chief Financial Officer of the Company during the same period. (*Id.* at ¶ 9.)

On June 29, 2015, the Company allegedly issued a press release celebrating the success of its LPCN 1021 Phase 3 clinical study, and announcing that it expected to file a New Drug Application ("NDA") for LPCN 1021 with U.S. Food and Drug Administration ("FDA") in the second half of 2015. (*Id.* at ¶ 16.) Over the next year, Defendants purportedly made positive statements and representations regarding this New Drug Application and the state of the Company's business. (*Id.* at ¶¶ 17-23.) However, in June 29, 2016, the Company allegedly issued

a press release disclosing the receipt of a Complete Response Letter from the FDA, which stated that their LPCN 1021 New Drug Application could not be approved in its current form, due to deficiencies in the application related to the dosing algorithm and the label for the drug. (*Id.* at ¶ 24.) Plaintiffs assert Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as Rule 10b-5 promulgated thereunder, by allegedly (1) failing to disclose deficiencies in the Company's LPCN 1021 New Drug Application, which (2) caused Defendants' statements about the Company's business and operations to be false and misleading and/or lack a reasonable basis. (*Id.* ¶¶ 36-51.)

On July 1, 2016, Lewis filed a complaint against Defendants for violations of the Exchange Act and Rule 10b-5 on behalf of himself and a class consisting of individuals who purchased or otherwise acquired Lipocine securities during the Class Period. (*Id.* at Dkt. No. 1.) On July 6, 2016, Morassi filed a complaint against Defendants for the same or substantially similar claims on behalf of himself and the same class of plaintiffs. (Civ. No. 16-4067 (Dkt. No. 1).) On July 7, 2016, Burleson also filed a complaint against Defendants for the same or substantially similar claims on behalf of himself and a class consisting of individuals who purchased or otherwise acquired Lipocine securities between February 27, 2015 and June 28, 2016. (Civ. No. 16-4129 (Dkt. No. 1).)

On August 30, 2016, Moving Plaintiffs filed the pending motions to be appointed lead plaintiff and to approve lead counsel and liaison counsel, pursuant to the PSLRA, as well as to consolidate the above-captioned actions with *Burleson v. Lipocine Inc. et al.*, Civ. No. 16-4129. (Civ. No. 16-4009 (Dkt. Nos. 6, 7, & 8); Civ. No. 16-4067 (Dkt. No. 4).) On September 8, 2016 and September 19, 2016, respectively, Redmond and Burleson filed notices of non-opposition to Lipocine Investor Group's motion to be appointed lead plaintiff and to approve counsel. (Civ. No.

16-4009 (Dkt. Nos. 9 & 10).) On November 21, 2016, *Burleson v. Lipocine Inc. et al.*, Civ. No. 16-4129, was dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants. (Civ. No. 16-4129 (Dkt. No. 9).) On November 22, 2016, Defendants submitted a letter confirming that they do not oppose the pending motions to consolidate. (Civ. No. 16-4009 (Dkt. No. 19)). To date, no parties, including Lewis and Morassi, have opposed the pending motions to appoint lead plaintiff, approve counsel, and consolidate.

## II. MOTION TO CONSOLIDATE

Moving Plaintiffs seek to consolidate the above-captioned actions together with *Burleson v. Lipocine Inc. et al.*, Civ. No. 16-4129. Defendants and other plaintiffs do not oppose consolidation of these matters. Pursuant to Federal Rule of Civil Procedure 42(a):

> When actions involving common questions of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 103 n.3 (3d Cir. 1988) (consolidation is appropriate where there are actions involving common questions of law or fact). "Rule 42(a) gives the district court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." *Salem Steel N. Am., LLC v. Shanghai Shangshang Stainless Steel Pipe Co.*, Civ. No. 08-4827 (DMC), 2009 U.S. Dist. LEXIS 62348, at *4 (D.N.J. July 21, 2009) (quoting *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993)).

Here, because *Burleson v. Lipocine Inc. et al.*, Civ. No. 16-4129, has been dismissed, the motions to consolidate that action with the above-captioned actions are moot. Therefore, the Court need only address whether the two above-captioned actions should be consolidated. The Court finds that consolidation of these actions is appropriate, because both cases are based on

4

substantially the same conduct, involve substantially the same claims, and name the same defendants. Moreover, the parties do not dispute that consolidation is appropriate. Accordingly, motions to consolidate are granted in part and the above-captioned actions are consolidated.

### III.   MOTION TO APPOINT LEAD PLAINTIFF

Burleson, Redmond, and Lipocine Investor Group each initially moved to be appointed lead plaintiff. However, Burleson and Redmond have since filed notices conceding that Lipocine Investor Group appears to possess the largest financial interest in the relief sought by the class in this matter, and therefore, these plaintiffs do not oppose Lipocine Investor Group's motion to be appointed lead plaintiff. Indeed, to date, no parties have opposed Lipocine Investor Group's motion. However, even where a motion to appoint lead plaintiff is unopposed, district courts "have an obligation to review applications for the appointment of lead plaintiff and to appoint as lead plaintiff the member or members of the purported plaintiff class who are '*most* capable of [adequately] representing the interests of the class members.'" *In re Nice Sys. Secs. Litig.*, 188 F.R.D. 206, 221 (D.N.J. 1999) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)) (emphasis in original). Accordingly, the Court will analyze whether Lipocine Investor Group is the most adequate plaintiff, within the meaning of the PSLRA.

#### A.  Legal Standard

The PSLRA governs the appointment of the lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Under the PSLRA, the plaintiff who files the initial action must, within 20 days of filing the complaint, publish notice to the class informing class members of the pendency of the action, the claims asserted in the complaint, the class period, and their right to serve as lead plaintiff. *Id.* at § 78u-4(a)(3)(A)(i). Within 60 days of the publication of

5

the notice, any putative class member may move for appointment to serve as lead plaintiff. *Id.* at § 78u-4(a)(3)(A)(i)(II). Thereafter, the court must consider any motion made by a purported class member, and appoint as lead plaintiff the member or members that the court determines to be the most adequate plaintiff to represent the interests of the class members.[1] *Id*. at § 78u-4(a)(3)(B)(i).

### B. Decision

Before a district court may rule on a motion to appoint lead plaintiff, it "has an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA, that is, encouraging the most adequate plaintiff, the plaintiff with the largest financial stake in the outcome of the litigation, to come forward and take control of the litigation." *Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.,* Civ. No. 3:15-cv-7350 (FLW) (DEA), 2016 U.S. Dist. LEXIS 68952, at *11-12 (D.N.J. May 26, 2016) (citing *California Pub. Emples. Retirement Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 577 (D.N.J. 2001)). § 78u-4(a)(3)(A)(i) of the PSLRA requires that this notice

> (1) be properly published; (2) advise members of the putative class of the relevant details of (a) the pendency of the action, (b) the claims asserted therein, and (c) the period of the action; and (3) inform putative class members that they have the right to move the district court to serve as lead plaintiff in the class action.

*Lifestyle*, 2016 U.S. Dist. LEXIS 68952, at *12 (quoting *California Pub.*, 127 F. Supp. 2d at 576-77).

---

[1] In general, courts appoint a lead plaintiff "not later than 90 days" after the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(B)(i). However, if any party seeks to consolidate the action with another action, the court may not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." *Id*. at § 78u-4(a)(3)(B)(ii). Here, because Moving Plaintiffs moved to consolidate the above-captioned actions, in addition to moving to be appointed lead plaintiff, the Court could not appoint a lead plaintiff until Defendants had been served and were given an opportunity to respond to the motions to consolidate.

Here, counsel to the plaintiff in the first filed action, *Lewis v. Lipocine Inc. et al.*, Civ. No. 16-4009, caused the notice to be published in *Business Wire*, on July 1, 2016, the same day the complaint was filed. (Civ. No. 16-4009, Decl. of Bruce D. Greenberg in Supp. of Mot. of Lipocine Investor Group for Consolidation, Appointment as Lead Pl., and Approval of Lead Counsel (Dkt. No. 8-3) at Ex. A.) The notice informs putative class members of their right to move in the District of New Jersey to serve as lead plaintiff. (*Id.*) It also advises members of the relevant details of the pendency of the action, the claims asserted therein, and the time period of the action. (*Id.*) Therefore, the Court finds that the notice of pendency provides the minimum information necessary to meet the objectives of the PSLRA.

Next, the Court turns to whether Lipocine Investor Group is the most adequate plaintiff. The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or group of persons that has (1) either filed the complaint or made a motion in response to the notice to the class; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23 requires that a party or parties seeking to represent a class (1) "have claims or defenses that are typical of the claims or defenses of the class," referred to as the "typicality requirement," and (2) "be able to fairly and adequately protect the interests of the class," referred to as the "adequacy requirement." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (marks omitted). Here, Lipocine Investor Group is presumptively the most adequate plaintiff, because, as set forth below, they have the largest financial interest in relief sought by the putative class and they meet the typicality and adequacy requirements of Rule 23.

To determine which plaintiff holds the "largest financial interest," district courts consider, *inter alia*, "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant*, 264 F.3d at 262. "District courts in this Circuit have accorded the 'largest financial loss' element the most weight in the analysis for appointment of a lead plaintiff." *Lifestyle*, 2016 U.S. Dist. LEXIS 68952, at *15 (citing *In re Vonage Initial Pub. Offering Secs. Litig.*, Civ. No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258, at *16-17 (D.N.J. Sep. 6, 2007)).

According to Lipocine Investor Group, their three members collectively expended $1,088,092.00 in total net funds to purchase 94,000 shares during the Class Period. Lipocine Investor Group claims that its resultant financial losses total more than $262,000.00. (Civ. No. 16-4009 (Dkt. No. 8-3) at Ex. C.) Both Redmond and Burleson claim comparatively smaller losses. According to Redmond, he expended total net funds of $47,768.75 to purchase 4,550 shares during the Class Period, and suffered a financial loss of $31,115.75. (Civ. No. 16-4009, Decl. of Laurence M. Rosen, Ex. 3 (Dkt. No. 7-6).) Burleson claims that he expended total net funds of $12,930.00 to purchase 2000 shares during the Class Period, and suffered a financial loss of $5,154.80. (Civ. No. 16-4009, Decl. of Donald A. Ecklund, Ex. C (Dkt. No. 6-6).) Therefore, Lipocine Investor Group holds the largest financial interest by a wide margin.

Additionally, as set forth below, Lipocine Investor Group has sufficiently demonstrated that they meet the adequacy and typicality requirements of Rule 23. "The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy." *In re Cendant*, 264 F.3d at 263. To demonstrate typicality, a movant

must show that his circumstances are not "markedly different" from those of the putative class and that the legal theory upon which his claims are based does not "differ from that upon which the claims of other class members will perforce be based." *Id.* at 265 (marks omitted). To demonstrate adequacy, a movant must show that he "has the ability and incentive to represent the claims of the class vigorously, whether [he] has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *Id.* (marks omitted). "In conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id.* at 264.

Here, Lipocine Investor Group has made a sufficient showing of both typicality and adequacy under Rule 23. Regarding typicality, Lipocine Investor Group's claims arise out of the same events alleged in the complaints in both of the above-captioned actions. Lipocine Investor Group alleges, as do all putative class members, that Defendants violated federal securities laws during the Class Period by making false or misleading statements of material facts, or omitting to state material facts, concerning the Company and its New Drug Application for LPCN 1021. Regarding adequacy, Lipocine Investor Group's large financial loss creates a strong incentive for them to fully prosecute this action. *See Lifestyle*, 2016 U.S. Dist. LEXIS 68952, at *23; *In re Milestone Scientific Sec. Litig.,* 183 F.R.D. 404, 416 (D.N.J. 1998). As such, Lipocine Investor Group's interests appear to be well-aligned with the rest of the putative class. And, having reviewed the qualifications of Lipocine Investor Group's proposed lead counsel, Pomerantz LLP, and liaison counsel, Lite DePalma Greenberg, LLC, (Civ. No. 16-4009 (Dkt. No. 8-3) at Exs. D & E) the Court is satisfied that they have selected sufficiently experienced firms. Therefore, Lipocine

9

Investor Group has made a prima facie showing of both typicality and adequacy, pursuant to Rule 23. Accordingly, because Lipocine Investor Group are also the movants with the largest financial interest in the case, the Court presumes they are the most adequate plaintiff.

"Once a presumptive lead plaintiff is located, the court should then turn to the question [of] whether the presumption has been rebutted." *In re Cendant*, 264 F.3d at 268. Under the PSLRA, the presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Third Circuit has interpreted this language to mean

> [f]irst, only class members may seek to rebut the presumption, and the court should not permit or consider any arguments by defendants or non-class members. . . . Second, once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a "fair[] and adequate[]" job.

*In re Cendant*, 264 F.3d at 268 (citation omitted). If no class member successfully rebuts the presumption, then the district court "should appoint the presumptive lead plaintiff as the lead plaintiff." *Id.* If the presumption is successfully rebutted, "the court must begin the process anew . . . until a lead plaintiff is selected." *Id.*

Here, no plaintiff has sought to rebut the presumption that Lipocine Investor Group is the most adequate plaintiff. To the contrary, both Burleson and Redmond have filed notices of non-opposition to Lipocine Investor Group's motion. Accordingly, the presumption that Lipocine Investor Group is the most adequate plaintiff is not rebutted, and the Court will appoint them to serve as lead plaintiff in this litigation.

10

### IV. MOTION TO APPROVE COUNSEL

Under the PSLRA, "[o]nce the lead plaintiff has been appointed, the statute provides that the lead plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *In re Cendant*, 264 F.3d at 216 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)). "The court must make 'an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class.'" *Lifestyle*, 2016 U.S. Dist. LEXIS 68952, at *25 (quoting *In re Milestone*, 187 F.R.D. at 176).

Here, Lipocine Investor Group has selected Pomerantz LLP as lead counsel and Lite DePalma Greenberg, LLC as liaison counsel for the class. Having reviewed the firms' respective resumes (Civ. No. 16-4009 (Dkt. No. 8-3) at Exs. D & E) the Court is satisfied that they are competent to fulfill the duties of lead counsel and liaison counsel, respectively. Moreover, no party disputes the competency of these firms. Accordingly, based on this Court's independent review of the experience of Pomerantz, LLP and Lite DePalma Greenberg, LLC, Lipocine Investment Group's selection of counsel is approved. Pomerantz, LLP is designated as lead counsel and Lite DePalma Greenberg, LLC is designated as liaison counsel.

## V.     CONCLUSION

For the reasons set forth above, the motions to consolidate (Civ. No. 16-4009 (Dkt. Nos. 6, 7, & 8); Civ. No. 16-4067 (Dkt. No. 4)) are **GRANTED** in part. The above-captioned matters are consolidated. Additionally, Lipocine Investor Group's motions to be appointed lead plaintiff and approve counsel (Civ. No. 16-4009 (Dkt. No. 8); Civ. No. 16-4067 (Dkt. No. 4)) are also **GRANTED**. Accordingly, Lipocine Investor Group is appointed lead plaintiff, Pomerantz LLP is designated as lead counsel, and Lite DePalma Greenberg, LLC is designated as liaison counsel. Moving Plaintiffs' remaining motions (Civ. No. 16-4009 (Dkt. Nos. 6 & 7)) are **DENIED** as moot.

Date: December 2, 2016                              /s/ Brian R. Martinotti_____
                                                               **HON. BRIAN R. MARTINOTTI**
                                                               **United States District Judge**